**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TECH TRADERS, LLC,

        Plaintiff,

v.

                                   Case No:  6:18-cv-754-Orl-40GJK

INSULADD ENVIRONMENTAL, LTD.,
IEP MANAGEMENT, INC., JERRY DON
PYLE and KAREN H. MULDER,

        Defendants.

_____/

## ORDER

This matter is before the Court on Plaintiff Tech Traders, LLC's Motion for a Preliminary Injunction (Doc. 56 (the "**Motion**")), filed on October 9, 2018, against Defendants Insulaad Environmental, Ltd ("**Insuladd Environmental**"), IEP Management, Inc. ("**IEP**"), Jerry Don Pyle, and Karen H. Mulder (collectively "**Defendants**"). Insuladd Environmental responded on October 23, 2018 (Doc. 68), and Mulder responded on October 24, 2018 (Doc. 71). On October 31, 2018, the Court held a hearing on the Motion. Therefore, the Motion is now ripe for disposition. After careful consideration of the Motion, responses, related filings, and the record, the Motion is due to be denied.

## I.    BACKGROUND

Plaintiff initiated this suit on May 3, 2018, for: (1) federal trademark infringement; (2) federal false designation; (3) Florida trademark infringement; (4) anti-cybersquatting; (5) conversion; and (6) breach of purchase agreement. (Doc. 8 ("**Amended Complaint**")). In its Amended Complaint filed May 24, 2018, Plaintiff alleges that Defendants are improperly using the INSULADD trademark and domain names to market, advertise, and

sell imitation products. (*Id.* ¶¶ 32–39). As such, Plaintiff seeks a preliminary injunction to prevent Defendants from their continued use of the INSULADD domain names and trademark. (Doc. 56).

The INSULADD trademark relates to an additive created by Tech Trader's founder, David Page, that reduces heat absorption and heat loss when used in paint and related products. (*Id.* at p. 2 ("**INSULADD Product**")). Plaintiff distributes its products under the INSULADD trademarks. (*Id.*). Plaintiff has long used the trademarks to identify its products as a source of high-quality paint additives. (*Id.*).

In 2013, Plaintiff entered into an asset purchase agreement ("**Agreement**") with Insuladd Environmental, IEP, and Pyle. (*Id.*). The Agreement provided that Plaintiff would receive $2 million for certain assets in return for manufacturing the INSULADD Product for Insuladd Environmental. (*Id.*). The Agreement also placed the trademarks and domain names in a trust under control of Page pending final payment. *(Id.*). Plaintiff alleges that Insuladd Environmental, IEP, and Pyle subsequently defaulted on their obligations and materially breached the Agreement by failing to make the required payments and improperly using Plaintiff's trademarks and domain names. (Doc. 8, ¶ 26).

On August 13, 2015, Plaintiff's counsel notified Insuladd Environmental, IEP, and Pyle that they were in breach of the Agreement and that they needed to return control of the INSULADD domain names. (*Id.* ¶ 27). Plaintiff alleges it then terminated the Agreement when Insuladd Environmental, IEP, and Pyle remained in default and refused to relinquish control over the domain names. (*Id.* ¶¶ 28–30). Almost a year later, on July 13, 2016, Plaintiff's counsel provided Defendants with a demand letter again seeking return of the domain names. (Doc. 8-4). However, Defendants maintained control over

the domain names, which they continue to use to market, advertise, and sell INSULADD-branded products. (Doc. 8, ¶ 32–33). Plaintiff claims that Mulder, as a former member-manager of Tech Traders, is aiding and abetting Insuladd Environemental, IEP, and Pyle by supplying them infringing products through her company KDance. (*Id.* ¶ 39; Doc. 56, p. 4).[1] Therefore, Plaintiff seeks injunctive relief against Mulder as well. (Doc. 56).

On May 3, 2018, Plaintiff instituted this lawsuit (Doc. 1), later filing the Amended Complaint on May 24, 2018 (Doc. 8). Nearly five months later, on October 9, 2018, Plaintiff filed the Motion (Doc. 56).

## II.    STANDARD OF REVIEW

To obtain a preliminary injunction, as the movant, Plaintiff must establish: (1) a substantial likelihood of success on the merits of the underlying case; (2) irreparable harm in the absence of an injunction; (3) that the harm suffered by Plaintiff in the absence of an injunction would exceed the harm suffered by Defendants if the injunction was issued; and (4) that an injunction would not disserve the public interest. *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246–47 (11th Cir. 2002); *Miccosukee Tribe of Indians of Fla. v. United* States, 571 F. Supp. 2d 1280, 1283 (S.D. Fla. 2008). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the 'burden of persuasion' as to each of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)) ("Because a

---

[1]    At one point, Mulder and Page were co-owners of Tech Traders. (Doc. 68, p. 3). It is unclear whether Mulder, and her sister Priscilla Aucoin, still have ownership in the company. Resolution of this issue is unnecessary at this point in the litigation. Also noteworthy is that Mulder and Page used to be married before their divorce in 2015. (Doc. 68, p. 4).

preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and plaintiff must clearly carry the burden of persuasion.").

## III.   DISCUSSION

### A.   Failure to Establish Irreparable Harm

Irreparable harm is the "*sine qua non* of injunctive relief." *Siegel*, 234 F.3d at 1176 (quoting *Ne. Fla. Chapter of Ass'n of Gen. Contracts v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990)). Even where the movant satisfies all the remaining factors necessary to obtain injunctive relief, the failure to prove irreparable harm renders preliminary injunctive relief improper. *City of Jacksonville*, 896 F.2d at 1285 (reversing injunctive relief based solely on movant's failure to show irreparable harm). "Success in establishing a likelihood [plaintiff] will prevail on the merits does not obviate the necessity to show irreparable harm." *United States v. Lambert*, 695 F.2d 536, 540 (11th Cir. 1983).

We focus on the irreparable harm prong because the parties strongly dispute whether the Motion should be denied for undue delay. *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1249 (11th Cir. 2016) (finding that delay in seeking a preliminary injunction goes to the irreparable harm prong); (Doc. 68, p. 11). Defendants argue that Plaintiff's claim of irreparable harm is conclusively refuted by Plaintiff waiting to seek injunctive relief for five months after filing its complaint and for three years after learning of the alleged wrongdoing. (*Id.*). In support, Defendants cite precedent emphasizing the need to act urgently to satisfy the irreparable harm prong. *Wreal, LLC*, 840 F.3d at 1249 (affirming a denial of a preliminary injunction filed five months after the complaint).

Plaintiff argues that the delay was needed to reinstate Tech Traders after Mulder allegedly allowed it to dissolve. (Doc. 56, p. 7). At the hearing on October 31, 2018,

Plaintiff's counsel argued that "no trademark lawyer is going to enter the valley of thorns [of filing a trademark lawsuit] without first reinstating the company . . . [and] investigating the claim." (October 31, 2018, Preliminary Injunction Hearing, Unofficial Transcript). Plaintiff's counsel also attributed the delay to Page not wanting to "sue [Mulder, his] ex-wife, because it would alienate his adult children, so [he] had to determine whether it was necessary to add her as a party." (*Id.*).

After full consideration of the arguments presented, the Court agrees with Defendants that Plaintiff waited too long in filing the Motion. In August 2015, Plaintiff became aware that Defendants breached the Agreement and took control of the domain names. (Doc. 8-3). Yet, Plaintiff did not file its complaint until May 2018 and the Motion until October 2018. (Docs. 1, 8, 56). This is a three-year delay from the time of awareness of Defendants' alleged wrongdoing and a five-month delay from the filing of the complaint.

The Eleventh Circuit has found that similar delays impede a finding of irreparable harm. In *Wreal, LLC v. Amazon, Inc.*, the Eleventh Circuit affirmed the denial of a motion for preliminary injunction upon finding plaintiff's unexplained five-month delay in seeking injunctive relief, by itself, fatally undermined any showing of irreparable injury. 840 F.3d at 1249. The court emphasized that the "very idea of a preliminary injunction is premised on the need for speedy and urgent action." *Id.* at 1248. By waiting five months from the filing of the complaint to seek a preliminary injunction, the plaintiff "undermine[d] a finding of irreparable harm." *Id.* Therefore, the Eleventh Circuit concluded that the plaintiff failed to demonstrate irreparable harm that would justify the "extraordinary and drastic remedy" of a preliminary injunction. *Id.*

While Plaintiff provides explanations for its own delay, the Court is nevertheless unconvinced by Plaintiff's explanations regarding the need to reinstate the company and investigate Page's claims. *Cf. Wreal*, 840 F.3d at 1248 (analyzing the plaintiff's "unexplained" five-month delay). If the Court were to accept those arguments, then the necessity of moving expeditiously—a touchstone requirement for a preliminary injunction—could be brushed away and the irreparable harm prong could be eliminated by a lawyer citing a good faith "need to investigate." *See id.* ("Indeed, the very idea of a preliminary injunction is premised on the need for speedy and urgent action to protect a plaintiff's rights before a case can be resolved on its merits."). This is simply an insufficient reason for a three-year delay from the time of awareness of Defendants' alleged wrongdoing and a five-month delay from the filing of the complaint. *See id.* at 1249; *Menudo Int'l, LLC v. In Miami Prod., LLC*, No. 17-21559-CIV-TORRES, 2017 WL 4919222, at *6 (S.D. Fla. Oct. 31, 2017) (finding that explanations that the plaintiff needed more time to "(1) complete its trademark registration in twenty countries, (2) negotiate a resolution with the defendants, (3) learn the extent of Defendants' harm, and (4) find a local lawyer to file suit" were inadequate justifications for a one-year delay from the time of awareness of potential trademark infringement to the time of filing a motion for a preliminary injunction).

Further, the Court does not find compelling the alleged need to "reinstate the company" before Page could bring suit. As part of the Agreement, the INSULADD domain names were in a trust in Page's control. (Doc. 56, p. 2). Therefore, as an individual with a trust relationship, Page could have sued Defendants regardless of the corporate status of Tech Traders. The financial or practical difficulty of obtaining a trademark lawyer

without reinstating Tech Traders is not an adequate excuse for the delay. *See Menudo Int'l, LLC*, 2017 WL 4919222, at \*6 (rejecting the need to find new lawyers as a sufficient justification for a one-year delay); *Badillo v. Playboy Entm't Grp*, No. 8:04-CV-591T-30TBM, 2004 WL 1013372, at \*2 (denying nine-month-delayed motion for preliminary injunction because Plaintiff's "should have hired new lawyers and filed their action" if their lawyers could not "quickly protect their rights").

The Court is similarly unconvinced by Page's excuse of not wanting to alienate his adult children. If Page was "concerned about a harm truly believed to be irreparable," he would have acted "swiftly to protect [himself]," even in the face of potential family drama. *See Menudo Int'l, LLC*, 2017 WL 4919222, at \*6.

Due to the significant, unjustified delay in filing the Motion, the Court finds that Plaintiff failed to satisfy its burden of proving irreparable harm. *See Wreal*, 840 F.3d at 1248. The failure to act with "speed and urgency" is enough, by itself, to undermine a motion for a preliminary injunction. *See id.* Therefore, the Motion is due to be denied.

## B.    Remaining Factors

Since the Court has determined that Plaintiff failed to carry its burden as to the second prong requiring proof of irreparable harm, the Court declines to address the remaining prongs at this juncture of the litigation. *See Siegel* 234 F.3d at 1176. However, the Court is skeptical of Plaintiff's ability to succeed on the merits. Specifically, it is unclear whether Page' is authorized to sue on behalf of Tech Traders considering the disputed facts regarding ownership of Tech Traders between Page, Mulder, and Aucoin. *See Silver Crown Invs. LLC v. Team Real Estate Mgmt., LLC*, No. 16-21179-CIV, 2018 WL 467918, at \*4–5 (S.D. Fla. Sept. 29, 2018) (discussing the requirements to bring derivative and

direct suits); (Doc. 68, p. 14; Doc. 71, pp. 6–7). The Court also has concerns over whether Defendants violated the Agreement given the disputed facts regarding Mulder's authority to extend deadlines for payment or her ability to continue providing INSULADD Products through an affiliate of Tech Traders. (Doc. 68, p. 15–17; Doc. 71, p. 4). However, it is unnecessary to reach these material questions due to Plaintiff's failure to establish irreparable injury.

## IV.     CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Preliminary Injunction (Doc. 56) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on November 7, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties